**UNITED STATES of America**

v.

**Ronald HARMON a/k/a
Ronald Whitney**

**Ronald Harmon, Appellant.**

No. 07–2420.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) on June 30, 2008.

Filed: Aug. 29, 2008.

Michelle T. Rotella, Office of United States Attorney, Philadelphia, PA, for United States of America.

David L. McColgin, Defender Association of Philadelphia, Federal Court Division, Philadelphia, PA, for Appellant.

Before: RENDELL, SMITH, FISHER, Circuit Judges.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

Ronald Harmon appeals his sentencing under the Armed Career Criminal Act (the "ACCA"), urging that his May 1987 conviction was not a "serious drug offense" under 18 U.S.C. § 924(e)(2)(A)(ii). We exercise plenary review over this determination by the District Court, and will affirm.

In May 1987, Harmon pled guilty to possession with intent to distribute a controlled substance in violation of 35 P.S. § 780–113(a)(30). Not all violations of this statute qualify as "serious drug offenses" that trigger the application of the 15–year mandatory minimum sentence under the ACCA. A "serious drug offense" under the federal statute requires "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance ... for which a maximum term of imprisonment of ten years or more is

prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

The maximum sentence that may be imposed for violation of the Pennsylvania law under which Harmon was convicted is determined by the particular drug possessed. 35 P.S. § 780–113(f). Thus, possession with intent to deliver cocaine is punishable by up to 15 years' imprisonment and is therefore an ACCA-qualifying offense, while possession with intent to deliver several other controlled substances has a maximum penalty lower than ten years' imprisonment. *Id.* Therefore, only if the controlled substance was cocaine can Harmon's May 1987 conviction qualify as a "serious drug offense" under the ACCA.

Our analysis is guided by the United States Supreme Court's opinion in *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), wherein the Court discussed the way in which we are to determine whether a conviction qualifies as a violent felony under ACCA. There, the government argued that the description of the offense as set forth in a police report submitted to a local court as grounds for issuing a complaint constituted sufficient proof of the nature of the conviction. The Supreme Court disagreed.

The *Shepard* Court noted that in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), it had held that "a court sentencing under the ACCA could look to statutory elements, charging documents, and jury instructions to determine whether an earlier conviction after trial was for generic burglary." 544 U.S. at 16, 125 S.Ct. 1254. The Court then held that police reports cannot be relied upon and stated that:

> [W]ithout a *charging document that narrows the charge* to generic limits, the only certainty of a generic finding lies in jury instructions, or bench-trial findings and rulings, or (in a pleaded case) in the defendant's own admissions or accepted findings of fact confirming the factual basis for a valid plea. In this particular pleaded case, the record is silent on the generic element, there being no plea agreement or recorded colloquy in which Shepard admitted the generic fact.

544 U.S. at 25, 125 S.Ct. 1254 (emphasis added).

Here, the government urges that there is a specific charging document that does "narrow the charge" to cocaine. We agree. The charging document states that Harmon "feloniously did manufacture, deliver or possess with intent to manufacture or deliver a controlled substance classified under Schedule I, II, or III. Cocaine." App. 153. On the reverse side of that document, there is the handwritten notation above Harmon's signature that states, "I plead guilty to possession with intent to deliver a controlled substance." App. 152.

Harmon contends that the fact that he did not write the word "cocaine" after the indication of his plea means that he was pleading guilty as to a controlled substance, but not to cocaine. However, because we have the specific charging document and Harmon's signed guilty plea on the reverse side, we find it sufficiently clear, under *Shepard,* that Harmon pled guilty to the charged offense. This is a commonsense reading of the document.

Accordingly, we will AFFIRM the Judgment and Conviction Order of the District Court.